UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROBERT DAVID CONNER,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAMS, MOLASE, and HARRIS,<br><br>Defendants. | CAUSE NO. 2:25-CV-186-PPS-AZ |

## OPINION AND ORDER

Robert David Conner, a prisoner without a lawyer, filed a complaint alleging three Lake County Jail officers used excessive force against him on April 9, 2025. [DE 1]. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Conner alleges Officer Williams pepper sprayed him, stabbed him in the arm, twisted his arm, and attempted to break it. He alleges Officers Molase and Harris pepper sprayed him when he called out to them to stop Officer Williams. Conner seeks to proceed based on five legal theories.

First, Conner argues the defendants violated his Eighth Amendment rights by using excessive force against him. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). It is possible these officers used force in a good-faith effort to maintain or restore discipline, but Conner alleges he was not doing anything that warranted any use of force. So, the complaint states a claim for an Eighth Amendment violation.

Second, Conner argues he was assaulted in retaliation for filing grievances. That may be true, but the First Amendment claim overlaps the Eighth Amendment claim, while also requiring proof of why the excessive force was used. The First Amendment claim will be dismissed as redundant because his excessive force claim arises under the Eighth Amendment and this case "gains nothing by attracting additional constitutional labels." *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005).

Third, Conner raises a State law intentional infliction of emotional distress claim. However, "[u]nder the Indiana Tort Claims Act, there is no remedy against the individual employee so long as he was acting within the scope of his employment." *Ball v. City of Indianapolis*, 760 F.3d 636, 645 (7th Cir. 2014). The "Indiana Tort Claims Act confers on public employees a broad immunity from suit for acts committed within the scope of their employment." *Katz-Crank v. Haskett*, 843 F.3d 641, 648 (7th Cir. 2016).

> Under Indiana law, an individual is acting within the scope of his or her employment if the conduct is "of the same general nature as that authorized, or incidental to the conduct authorized." *Celebration Fireworks,*

>   *Inc. v. Smith*, 727 N.E.2d 450, 453 (Ind. 2000) (quoting Restatement (Second) Agency § 229 (1958)). "Even criminal acts may be considered as being within the scope of employment if the criminal acts originated in activities so closely associated with the employment relationship as to fall within its scope." *Bushong v. Williamson*, 790 N.E.2d 467, 473 (Ind. 2003) (quotation marks omitted).

*Bishop v. Indiana Dep't of Correction*, 2021 WL 2255364, at *2 (N.D. Ind. June 3, 2021). Using of force against an inmate is within the scope of a jail guard's employment. So, even if the use of force in this instance was criminal, Conner may not sue these defendants under State law.

Fourth, Conner argues he was treated differently than similarly situated individuals in violation of the Fourteenth Amendment. That may be true, but the Fourteenth Amendment claim overlaps the Eighth Amendment claim, but also requires proving how other similarly situated inmates were treated. The Fourteenth Amendment claim will be dismissed as redundant because this excessive force claim arises under the Eighth Amendment and this case "gains nothing by attracting additional constitutional labels." *Conyers*, 416 F.3d at 586.

Fifth, Conner argues each of the defendants failed to intervene to stop the others from using excessive force. It is true that "officers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's rights through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000) (*citing Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994)). However, failure to intervene claims arise against officers who stand idly by while excessive force

3

is used by a fellow officer. This theory of liability is inapplicable against officers who themselves join in the excessive use of force as is alleged here.

For these reasons, the Court:

(1) **GRANTS** Robert David Conner leave to proceed against Williams, Molase, and Harris in their individual capacities for compensatory and punitive damages for using excessive force against him at the Lake County Jail on April 9, 2025, in violation of the Eighth Amendment;

(2) **DISMISSES** all other claims;

(3) **DIRECTS** the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Williams, Molase, and Harris at the Lake County Jail, with a copy of this order and the complaint [DE 1];

(5) **ORDERS** the Lake County Sheriff to provide the full name, date of birth, and last known home address of any defendant who does not waive service if he has such information; and

(6) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), Williams, Molase, and Harris to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED** on April 28, 2025.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT