UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT DAVID CONNER,

       Plaintiff,

       v.                            CAUSE NO. 2:25-CV-186-PPS-AZ

WILLIAMS, et al.,

       Defendants.

OPINION AND ORDER

Robert David Conner, a prisoner without a lawyer, is proceeding in this case "against Williams, Molase, and Harris in their individual capacities for compensatory and punitive damages for using excessive force against him at the Lake County Jail on April 9, 2025, in violation of the Eighth Amendment[.]" ECF 6 at 4. The defendants filed a motion for summary judgment, arguing Conner did not exhaust his administrative remedies before filing this lawsuit. ECF 36. Conner filed a response, and the defendants filed a reply. ECF 41, 42. Conner then filed a motion to correct written error. ECF 43.[1] The defendants' summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby,*

---

[1] In this unopposed motion, Conner seeks to correct two written errors in his summary judgment response. ECF 43. This motion will be granted.

*Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, I must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999); *see also Chambers v. Sood*, 956 F.3d 979, 984-85 (7th Cir. 2020). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citation omitted). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id*. But inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in

actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

The defendants provide evidence showing the following facts: At all relevant times, a grievance process was in place at the Lake County Jail. ECF 38-2 at 2-3. A copy of the grievance process was available to all inmates in the Lake County Jail Inmate Handbook. *Id.* The grievance process consists of four steps. First, the inmate must attempt to resolve the issue with the correctional officer supervising his confinement section. *Id.* at 3; ECF 38-3 at 20. Second, the inmate must submit an electronic request to the relevant department, such as the Sergeant's office, in an effort to resolve the issue. ECF 38-2 at 3; ECF 38-3 at 20. Third, once the inmate receives a response from the relevant department, he must submit an Electronic Grievance Complaint to the Grievance Department. *Id.* And lastly, once the inmate receives a response from the Grievance Department to his Electronic Grievance Complaint, he must appeal that response to the warden. *Id.* The grievance process states the appeal must be submitted "electronically" within 72 hours of receiving the Grievance Department's response, but does not otherwise specify how to submit an appeal. *See id.*

Conner's grievance records show the following: On April 10, 2025, he submitted an Electronic Grievance Complaint complaining correctional officers used excessive force against him on April 9. ECF 38-5. The Grievance Department received this grievance and labeled it as Grievance 549874721. *Id.* Conner explained in Grievance 549874721 that he had attempted to submit an electronic request to the Sergeant's office before submitting the grievance, but was prevented from doing so because he already had submitted two electronic requests that month. *Id.* at 1. On April 12, 2025, the Grievance Department closed Grievance 549874721 for a "Grievance Process Violation," stating Conner had not submitted an electronic request to the Sergeant's office before submitting the grievance. *Id.* at 2; ECF 38-2 at 4. Conner then submitted a new Electronic Grievance Complaint stating he wanted to appeal the Grievance Department's response to Grievance 549874721. ECF 38-6. The Grievance Department closed this grievance with an assertion that Conner should familiarize himself with the requirements of the Inmate Handbook. ECF 38-6. Because neither party disputes these facts, I accept them as undisputed.

Here, the defendants have not met their burden to show Conner had available administrative remedies he did not exhaust before he filed this lawsuit, as the undisputed facts show Conner attempted to exhaust a grievance but was prevented from doing so by the Grievance Department. Specifically, it is undisputed Conner submitted an Electronic Grievance Complaint which was closed by the Grievance Department because he had not submitted an electronic request to the Sergeant's office. Conner asserts he was restricted from submitting an electronic request because he

4

already had submitted two electronic requests that month (ECF 41 at 6), and the defendants do not dispute that assertion (ECF 42). Conner then submitted a new Electronic Grievance Complaint in an attempt to appeal the denial of his first grievance, and the Grievance Department likewise closed this second grievance. This left Conner without any further available remedy to exhaust. *See Dole*, 438 F.3d at 809.

The defendants argue Conner did not exhaust his available administrative remedies for two reasons. First, the defendants argue Conner did not exhaust his available remedies because he did not submit an electronic request to the Sergeant's office before he submitted Grievance 549874721. But as discussed, Conner responds that he was restricted from submitting an electronic request to the Sergeant's office because he already had submitted two electronic requests that month, and the defendants do not dispute that fact. Conner also explained in Grievance 549874721 that he was unable to submit an electronic request to the Sergeant's office prior to submitting the grievance, and the Grievance Department nevertheless rejected Grievance 549874721 without responding to or addressing this explanation. *See* ECF 38-5. Therefore, the defendants have not shown Conner had an available remedy to submit an electronic request to the Sergeant's office before submitting Grievance 549874721.

Second, the defendants argue Conner did not exhaust his available remedies because he never appealed the denial of Grievance 549874721 to the warden. But Conner submitted a new grievance attempting to appeal the denial of Grievance 549874721, and the Grievance Department rejected this grievance without any explanation as to how Conner was meant to submit an appeal. *See* ECF 38-6. The

Grievance Department instead referred Conner to the Inmate Handbook, which likewise does not explain how Conner was meant to submit an appeal. *See* ECF 38-3 at 20. The defendants have therefore not shown that Conner had an available remedy to appeal the denial of Grievance 549874721 to the warden. *See Pavey v. Conley*, 663 F.3d 899, 906 (7th Cir. 2011) ("An administrative remedy is not 'available,' and therefore need not be exhausted, if prison officials erroneously inform an inmate that the remedy does not exist or inaccurately describe the steps he needs to take to pursue it"); *Hurst v. Hantke*, 634 F.3d 409, 411 (7th Cir. 2011) ("A prisoner is required to exhaust only available administrative remedies and a remedy is not available if essential elements of the procedure for obtaining it are concealed") (quotation marks and citation omitted).

Accordingly, while it is undisputed that Conner (1) did not submit an electronic request to the Sergeant's office before filing Grievance 549874721, and (2) did not appeal the denial of Grievance 549874721 to the warden, the defendants have not shown that either of these remedies were available to Conner. Therefore, the defendants have not met their burden to show Conner had available remedies which he did not exhaust before filing this lawsuit, and their motion for summary judgment must be denied.

Conner also filed a motion to voluntarily dismiss his claims against two of the defendants (ECF 45), but then filed a notice to withdraw that motion, stating that he had reconsidered. ECF 48. That motion is thus hereby withdrawn.

For these reasons, the court:

(1) GRANTS Conner's motion to correct written error (ECF 43);

(2) Allows Conner to WITHDRAW his motion for voluntary dismissal as to some

defendants (ECF 45); and

(3) DENIES the defendants' motion for summary judgment (ECF 36).

ENTERED: August 9, 2026.

 /s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT